IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN A. STANFIELD,                )
                                   )
            Plaintiff,             )   Civil Case No. 07-1012-KI
                                   )
    vs.                            )   OPINION AND ORDER
                                   )
PAUL and JESSICA BRUNELLE,         )
                                   )
            Defendant.             )
                                   )

    Kevin Stanfield
    143 S.W. 1st, Apt. 1
    Madras, Oregon  97741

        Pro Se Plaintiff

    Timothy Richard Gassner
    Glenn, Sites, Reeder and Gassner LLP
    205 S.E. 5th Street
    Madras, Oregon  97741

-and-

Jason M. Ayres
Harrang Long Gary Rudnick P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, Oregon  97204

    Attorneys for Defendant

KING, Judge:

Before the court are defendants' Motion to Dismiss (#8) and several motions filed by plaintiff Kevin Stanfield.

## DISCUSSION

Stanfield's Complaint addresses issues with the house he purchased at 1610 SW Culver Highway, Madras, Oregon from defendants Paul and Jessica Brunelle. Although the causes of action are not all clear, Stanfield does appear to allege a claim for failure to disclose under the Residential Lead-Based Paint Hazard Reduction Act, which has a private cause of action under 42 U.S.C. § 4852d(b)(3).

The Brunelles move to dismiss on several grounds. I will only analyze one basis which is dispositive, namely, claim preclusion. The Brunelles contend that they were sued previously by Stanfield in state court in Jefferson County. They provided me with some of the documents from that case. Stanfield's Amended Complaint, dated April 13, 2007, attempts to allege a claim for relief concerning the Brunelles' sale of real property to him at the SW Culver Highway address. He alleges that the Brunelles failed to provide proper disclosure. Stanfield seeks damages and the demolition of the buildings because they are unsafe.

The Brunelles moved to dismiss the case with prejudice. On July 2, 2007, a Jefferson County Circuit Court judge entered an order dismissing the claim with prejudice for failure to state a claim on which relief may be granted.

Claim preclusion bars a later suit if the first suit (1) involved the same parties or their privies; (2) reached a final judgment on the merits; and (3) involved the same claim as the later suit. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). Furthermore, claim preclusion "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988) (citation omitted).

Stanfield responded to the motion before me by asking for a United States Attorney to be assigned to his case, by seeking subpoenas, and by seeking a lis pendens in a motion which I am unable to understand. Stanfield provides no explanation why the claims filed here could not have been brought in the original Jefferson County case, and I see none. Accordingly, the claims here are barred by claim preclusion.

## CONCLUSION

Defendants' Motion to Dismiss (#8) is granted. This action is dismissed with prejudice. All other pending motions are moot.

IT IS SO ORDERED.

Dated this ____9th_____ day of October, 2007.

                                                                                              /s/ Garr M. King
                                                                                              Garr M. King
                                                                                              United States District Judge